IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| HORACE MANN LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>VIRGINIA E. HOVERMAN,<br>Serve at:<br>830 Beverly Drive #304<br>Charlottesville, Virginia 22911<br><br>AND<br><br>JACQUELINE SCOTT,<br>Serve at:<br>31 Scenic Ridge Rd<br>Whitefield, New Hampshire 03598<br><br>Defendants. | Civil Action No. 3:22CV00030 |

## COMPLAINT IN INTERPLEADER

Comes Now Plaintiff, Horace Mann Life Insurance Company (sometimes referred to as "Plaintiff" or "HMLIC") and for its Complaint in interpleader and for declaratory relief and states and avers as follows:

### JURISDICTION

1. The Court has original jurisdiction over this statutory interpleader action pursuant to 28 U.S.C. §1335 because there is diversity between at least two of the defendants and the amount in controversy exceeds $500.00. Further Plaintiff proceeds in this matter pursuant to Fed. R. Civ. P. 22.

## VENUE

2. Venue is appropriate in this district pursuant to 28 U.S.C. §1391 because one or more of the defendants resides in this district and because a substantial part of the events giving rise to this claim occurred within this district.

## PARTIES

3. Horace Mann Life Insurance Company ("HMLIC") is an Illinois Stock life insurance company with its principal place of business and office at 1 Horace Mann Plaza, Springfield, IL 62715.

4. Virginia E. Hoverman is an individual who, upon information and belief, resides and is domiciled in Charlottesville, Virginia.

5. Jacqueline Scott (sometimes referred to as "Jacqueline Hoverman n/k/a Jacqueline Scott" or Jacqueline Scott f/k/a Jacqueline Hoverman") is an individual who, upon information and belief, resides and is domiciled in Whitefield, New Hampshire.

## FACTUAL ALLEGATIONS

6. HMLIC issued three annuity contracts to James M. Hoverman as follows:

   (a) Annuity Contract 504398740 (the 8740 Contract) a single premium annuity with an issue date of April 1, 1982.

   (b) Annuity Contract 504398980 (the 8980 Contract) an annual premium annuity with an issue date of May 1, 1982.

   (c) Annuity Contract 504553140 (the 3140 Contract) a monthly premium annuity with an issue date of May 1, 1983.

The 8740 Contract, 8980 Contract and the 3140 Contract are sometimes collectively referred to as the "contracts' or the "annuity contracts".

7. At the date of issue of the 8740 Contract, the 8980 Contract and the 3140 Contract James M. Hoverman was married to Jacqueline Hoverman n/k/a Jacqueline Scott and in the

applications for the 8740 Contract, the 8980 Contract and the 3140 Contract James M. Hoverman named Jacqueline Hoverman n/k/a Jacqueline Scott as primary beneficiary. The foregoing applications and designation of beneficiary are filed with this Complaint as its Exhibits A, B, and C.

8. The terms of the 8740 Contract and the 8980 are stated in the exemplar contract form 5-753 which is filed with this Complaint as its Exhibit D. Pursuant to Contract form 5-753 upon the death of the annuitant, benefits are payable to the beneficiary if no settlement option has been selected.

9. The terms of contract 3140 are stated in the exemplar contract form IC-404000 which is filed with this Complaint as its Exhibit E. Pursuant to contract form IC-404000, upon the death of the annuitant, benefits are payable to the beneficiary if no settlement option has been selected.

10. James M. Hoverman died August 18, 2021. A copy of his death certificate is filed with this Complaint as its Exhibit F.

11. By telephone call to HMLIC on August 24, 2021 and subsequent email and other correspondence Virginia Hoverman notified HMLIC of James M. Hoverman's death and asserted a claim that she is entitled to the proceeds of the 8980 Contract, the 3140 Contract and the 8740 Contract.

12. Prior to James M. Hoverman's death, HMLIC received incomplete beneficiary change forms for the 8980 Contract, the 3140 Contract and the 8740 Contract. The forms were incomplete because none of the forms were signed by James M. Hoverman or any person purporting to act on his behalf. The incomplete beneficiary change forms are filed with this Complaint as its Exhibits G, H and I.

13. In further communications regarding her claim for the annuity proceeds Virginia Hoverman provided to HMLIC the following orders concerning Mr. Hoverman's marriage to Jacqueline Scott f/k/a Jacqueline Hoverman:

   (a) A January 25, 1996, order of the Superior Court of Coos County, New Hampshire stating that the marriage of James M. Hoverman and Jacqueline S. Hoverman was terminated by Divorce Decree entered on that date by that Court. A copy of the divorce decree is are filed with this Complaint as its Exhibit J.

   (b) A February 22, 1996 joint stipulation and Order of the Coos County New Hampshire Superior Court in which parties agreed and the Superior Court ordered that the foregoing Divorce Decree was and is a Qualified Domestic Relations Order (QDRO) and the 8980 Contract, the 3140 Contract and the 8740 Contract are apportioned one half each to Jacqueline Scott and James M. Hoverman. The QDRO is filed with this Complaint as its Exhibit K.

14. Upon information and belief neither James A. Hoverman nor Jacqueline Scott f/k/a Jacquelin Hoverman provided Exhibits J and K, the Divorce Decree and the QDRO to HMLIC.

15. Upon information and belief, Mr. Hoverman did not sign a change of beneficiary designation prior to his death.

16. Virginia Hoverman's claim conflicts with Mr. Hoverman's designation of Jacqueline Scott f/k/a Jacqueline Hoverman as beneficiary of the 8980 Contract, the 3140 Contract and the 8740 Contract and the QDRO .

17. HMLIC takes no position as to whether Virginia Hoverman's claim overrides the designation of Jacqueline Scott f/k/a Jacqueline Hoverman as beneficiary of the 8980 Contract, the 3140 Contract and the 8740 Contract and the QDRO. However, the competing claims put HMLIC at risk of multiple liabilities for the proceeds payable under the annuity contracts.

18. Upon information and belief, the current values of the 8980 Contract, the 3140 Contract and the 8740 Contract are as follows:

   (a) 8980 Contract: $ 4,128.91

  (b)  8740 Contract: $81,302.29

  (c)  3140 Contract: $13,933.60

## COUNT I
## INTERPLEADER ACTION PURSUANT TO F.R.C.P. 22

19. HMLIC incorporates the preceding paragraphs of this Interpleader Complaint as if the same were set forth herein at length.

20. Fed. R. Civ. P. 22 permits an action for interpleader if the Plaintiff is exposed to double or multiple liability as a result of competing claims.

21. The claim of Virginia Hoverman conflicts with the beneficiary designations and the QDRO.

22. HMLIC is unable to determine the proper beneficiary under the contracts and is at risk of multiple liabilities due to the defendants' competing claims.

23. HMLIC is an innocent entity and has in no way colluded with any of the claimants.

24. HMLIC claims no interest in the amounts due under the contracts, excepting only reasonable fees and costs requested below.

25. As a result of the continuing and conflicting claims, this Interpleader is necessary to ensure that the life insurance proceeds are paid to the proper person.

**WHEREFORE**, Horace Mann Life Insurance Company respectfully requests that this Court enter an Order:

  (a)  directing Horace Mann Life Insurance Company to deposit the annuity contract proceeds in the amounts set forth below into the registry of this Court, until the issue of entitlement to the annuity contracts' proceeds is adjudicated;

    (i)  8980 Contract: $ 4,128.91

    (ii)  8740 Contract: $81,302.29

    (iii)  3140 Contract: $13,933.60

(b)     discharging Horace Mann Life Insurance Company from any and all liability related to the proceeds due under the annuity contracts, except to those persons to whom this Court shall adjudge entitled to the proceeds;

(c)     enjoining any parties, named or unnamed, from initiating any action against Horace Mann Life Insurance Company regarding the proceeds due under the 8980, 8740, and 3140 Contracts;

(d)     awarding to Horace Mann Life Insurance Company its reasonable fees and costs in connection with this action; and

(e)     any other relief that this Court deems equitable and just.

## COUNT II
## STATUTORY INTERPLEADER ACTION PURSUANT TO 28 U.S.C. §1335

26. HMLIC incorporates the preceding paragraphs of this Interpleader Complaint and Request for Declaratory Judgment as if the same were set forth herein at length.

27. The United States Code permits an action for interpleader if the Plaintiff is exposed to double or multiple liability as a result of competing claims. See 28 U.S.C. §1335.

28. The claim of Virginia Hoverman conflicts with the beneficiary designations and the QDRO.

29. HMLIC is unable to determine the proper beneficiary under the contracts and is at risk of multiple liabilities due to the defendants' competing claims.

30. HMLIC is an innocent entity and has in no way colluded with any of the claimants.

31. HMLIC claims no interest in the amounts due under the contracts, excepting only reasonable fees and costs requested below.

32. As a result of the continuing and conflicting claims, this Interpleader is necessary to ensure that the annuity contracts proceeds are paid to the proper person.

33. Simultaneously with this Complaint, HMLIC is filing its Motion to Deposit the annuity contract proceeds into the registry of this Court

**WHEREFORE**, Horace Man Life Insurance Company respectfully requests that this Court enter an Order:

(a) directing Horace Mann Life Insurance Company to deposit the annuity contracts' proceeds in the amounts set forth below into the registry of this Court, until the issue of entitlement to the annuity contracts proceeds is adjudicated;

   (i) 8980 Contract: $ 4,128.91

   (ii) 8740 Contract: $81,302.29

   (iii) 3140 Contract: $13,933.60

(b) discharging Horace Mann Life Insurance Company from any and all liability related to the proceeds due under the annuity contracts, except to those persons to whom this Court shall adjudge entitled to the benefit;

(c) enjoining any parties, named or unnamed, from initiating any action against Horace Mann Life Insurance Company regarding the proceeds due under the 8980, 8740, and 3140 Contracts;

(d) awarding to Horace Mann Life Insurance Company its reasonable fees and costs in connection with this action; and

(e) any other relief that this Court deems equitable and just.

Respectfully submitted,

Dated May 24, 2022      By:   /s/ Justin L. Sallis
                              Justin L. Sallis (VSB No. 82599)
                              LATHROP GPM LLP
                              The Watergate – Suite 700
                              600 New Hampshire Avenue, N.W.
                              Washington, D.C. 20037
                              Telephone: (202) 295-2200
                              Telecopier: (202) 295-2250
                              Email: justin.sallis@lathropgpm.com

                              Richard N. Bien (Pro Hac Vice to be filed)
                              Missouri Bar #31398
                              LATHROP GPM LLP

          2345 Grand Boulevard, Suite 2200
          Kansas City, Missouri 64108-2618
          Telephone: (816) 292-2000
          Telecopier: (816) 292-2001
          Email: richard.bien@lathropgpm.com

          ATTORNEYS FOR PLAINTIFF